**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Joe RICE, Appellee.**

No. 23010.

United States Court of Appeals Fifth Circuit.

Dec. 27, 1966.

ages in favor of the injured party, after the insurance company failed to settle the claim. It appears that the case could have been settled for $9,000.

The Alabama law is clear, Waters v. American Casualty Co. of Reading, 261 Ala. 252, 73 So.2d 524 (1954), that the jury may determine in such a case as this whether a failure of an insurance carrier to settle a case for less than the amount of its coverage (here $10,000) with the resultant loss to the insured when there is recovery in excess of the coverage is due to the insuror's negligence or bad faith. Here there was ample evidence to support the jury's findings that the failure of the insurance company to make a settlement within its policy limits was caused either by negligence or bad faith.

The judgment is affirmed.

M. T. Ormond, Jones, McEachin, Ormond & Fulton, Tuscaloosa, Ala., for appellant.

Jeff B. deGraffenried, Edward deGraffenried, deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, Ala., for appellee.

Before TUTTLE, Chief Judge, and THORNBERRY, and GOLDBERG, Circuit Judges.

PER CURIAM:

This is an appeal in a diversity case in which the appellee recovered judgment against his insurance carrier based on a jury determination that the company failed in its duty owed to the insured when the latter was ultimately cast in the principal damage suit for $34,000 dam-